IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HERBERT VILLAR,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 11-00055-WS-B |
| **TONY PATTERSON,** | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

William Villar, an Alabama prisoner proceeding pro se, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This petition has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, and is now ready for consideration.[1] Upon careful consideration, it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

I.  **NATURE OF PROCEEDINGS**

In November 2005, in the Mobile County Circuit Court, Villar was convicted of second-degree rape, second degree

---

[1] The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

sodomy, enticing a minor to enter a vehicle, intimidating a witness, and criminal solicitation to commit murder. Petitioner was sentenced to life in prison for solicitation to commit murder and ten years imprisonment for each of his second-degree rape, sodomy, intimidation and enticing a child convictions. (Docs. 1 at 2; 1-1, pgs. 7-9; 12-1, pgs. 1-2). All of Villar's sentences were to run concurrently. (Id.). The Alabama Court of Criminal Appeals affirmed Villar's convictions on August 11, 2006, in an unpublished memorandum opinion. (Doc. 12-1). Villar's application for rehearing was overruled on September 1, 2006. (Doc. 12-2). On February 9, 2007, the Alabama Supreme Court denied Villar's petition for a writ of certiorari, issuing a certificate of judgment on that date.[2]  (Doc. 12-3).

On February 15, 2007, Villar filed a pro se petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 12-4). Villar filed several amendments to his Rule 32 petition and on January 7, 2008, the circuit court denied the petition. (Id.). Petitioner appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals on February 5, 2008. On April 16, 2010, the Alabama Court of Criminal Appeals affirmed the denial of Petitioner's Rule 32 petition. (Id.). Petitioner's application

---

[2] Villar v. State, 988 So. 2d 1078 (Ala. Crim. App. 2007).

for rehearing was overruled by the Alabama Court of Criminal Appeals, and the Supreme Court denied Petitioner's petition for writ of certiorari on August 6, 2010.  (Docs. 12-5, 12-6).

Villar filed his first § 2254 petition in this Court on February 8, 2008, challenging his 2005 convictions.  <u>Villar v. Culliver</u>, Civil Action No. 08-00082-CG-B (S.D. Ala.) ("Villar I").  He raised four claims in his petition:

> (1) there was insufficient evidence to support his conviction for solicitation to murder; (2) denial effective assistance of trial counsel; (3) denial effective assistance of appellate counsel; and (4) his due process rights were violated by the improper consolidation of the charges and by the improper admission into evidence of a poster which was not original evidence.

(Doc. 12-7).  The government filed a response, asking the court to dismiss the habeas action without prejudice as a "mixed petition" under <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), so that Villar could exhaust both of his ineffective assistance of counsel claims which were pending at that time in state court in a Rule 32 petition.  (Doc. 12-8).  In response to the government's pleading, Villar voluntarily filed a motion requesting that the Court dismiss his claims of ineffective assistance of counsel without prejudice and allow him to proceed

3

with the remaining claims related to insufficiency of the evidence and improper consolidation of charges and admission of evidence. The Court granted Villar's motion. (Doc. 12-9). The relevant portion of the Court's order reads as follows:

> On February 8, 2008, Petitioner filed the instant habeas action seeking relief under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an Answer (Doc. 7), wherein he contends that Petitioner's habeas corpus petition contains both exhausted and unexhausted claims, and thus presents a "mixed" petition that must be dismissed. According to Respondent, Petitioner's claims alleging ineffective assistance of trial and appellate counsel have not been fully exhausted in the state courts because Petitioner currently has pending before the Alabama Court of Criminal Appeals a Rule 32 petition.
> In response to Respondent's Answer, Petitioner filed a "Request for Permission to File Petition" (Doc. 8) and a Traverse to Respondent's Answer and Motion to Dismiss (Doc. 9), wherein he seeks to dismiss without prejudice his claims alleging the denial of effective assistance of trial and appellate counsel, so that these claims may be exhausted in the state courts. Upon a review of Petitioner's motions, and Respondent's Answer (Doc. 7), the undersigned finds that Petitioner's request to dismiss his unexhausted claims is due to be GRANTED so that he may fully exhaust these claims in the state courts. Accordingly, it is hereby **ORDERED** pursuant to the provisions of Fed.R.Civ.P. 41(a)(2), that Petitioner's ineffective assistance of trial and appellate counsel claims be DISMISSED without prejudice.

(Id.). In response to the Court's order, the Government filed a Motion to Dismiss Villar's Remaining Claims without Prejudice

or, in the Alternative, Motion for 21-Day Enlargement of Time in which to Respond to Merits of Villar's Remaining Claims. (<u>Villar I</u>, Doc. 23). The Court granted the Government's extension request. (<u>Id.</u>, Doc. 24). On April 22, 2010, the Magistrate Judge entered a Report and Recommendation finding that Villar was not entitled to habeas relief on his two remaining claims; thus, his petition should be denied. (<u>Id.</u>, Doc. 37). On December 2, 2010, the Report and Recommendation denying Villar's first § 2254 habeas petition was adopted by the District Court and judgment was entered against Villar. (<u>Id.</u>, Docs. 45, 46).

On February 1, 2011, Villar filed the present habeas petition, once again challenging his 2005 convictions. As best the Court can discern from Villar's second habeas petition and 148-page brief, he seeks to raise the following claims:

> (1) his sentence of life for criminal solicitation exceeds the maximum sentence of 20 years; (2) ineffective assistance of trial and appellate counsel; (3) he is actually innocent of criminal solicitation, and the trial court had no jurisdiction to charge the offense of intimidating a witness; and (4) the trial court improperly amended first degree counts of rape and sodomy to second degree offenses.

5

(Doc. 1).  According to Villar, all of these claims were raised in his Rule 32 petition and on direct appeal in the state court; thus, they are now exhausted.  (Id. at 7-9).  The Court issued an order directing Villar to show cause why his second petition should not be dismissed as a successive petition, since he failed to receive permission from the Eleventh Circuit per requirements in  28 U.S.C. § 2244. (Doc. 4).  In response, Villar argues that his second habeas petition is not successive because his claims, which were unexhausted at the time that he filed his first habeas petition, were dismissed without prejudice from the first petition.  (Doc. 5).

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief in this Court, Villar was required to seek authorization from the Eleventh Circuit Court of Appeals. (Docs. 12 at 5-6; 12-12).  According to Respondent, this Court lacks jurisdiction to review this successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A) because Villar has failed to obtain permission to proceed with this current request for habeas relief.  (Doc. 12 at 6).

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. § 2244(b)(3)(A) which requires that "'[b]efore a second or successive

6

application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

As noted supra, Villar's first habeas petition was filed on February 8, 2008, and was dismissed with prejudice on December 2, 2010. Villar's confusion about the successive nature of his second habeas petition appears to stem from the fact that, during the pendency of his first habeas petition, the Court granted his motion to dismiss two of his four claims, i.e., the ineffective assistance of counsel claims, so that he could return to the state court and exhaust those claims. Villar requested and was granted permission to proceed with his habeas petition on the two remaining claims.[3]

---

[3] While the Court was not obligated to warn Villar of the risks associated with his decision to dismiss his unexhausted claims and proceed with the remaining claims, see United States v. Hung Thien Ly, 646 F.3d 1307, 1315-16 (11th Cir. 2011) ("district courts are not required to provide pro se litigants special warnings regarding the treatment of 'mixed petitions' under the habeas statute") (citing Pliler v. Ford, 542 U.S. 225, 231 (2004)), the form § 2254 petition that Villar completed when he filed his first habeas petition cautioned, "if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date." (Doc. 1 at 6 in Villar I, 08-00082-CG-B).

7

Villar's original habeas petition was undisputedly a mixed petition consisting of exhausted and unexhausted claims. Under Rose v. Lundy, 455 U.S. 509, 520-22 (1982), Villar had two choices with respect to that petition. He could "withdraw [the] mixed petition, exhaust the remaining claims, and return to [the] district court with a fully exhausted petition[,]" or he could "proceed with only the exhausted claims, but [by] doing so risk[] subjecting later petitions that raise new claims to rigorous procedural obstacles." Burton v. Stewart, 549 U.S. 147, 154 (2007) (citing Lundy, 455 U.S. at 520-21). Villar chose the latter option. Having done so, he may not now assert that his "subsequent petition is not 'second or successive' [simply] because his new claims were unexhausted at the time he filed his first petition." In re Davis, 565 F.3d 810, 820-21 (11th Cir. 2009) (citing Burton, 549 U.S. at 154) (internal quotation marks omitted) ("Davis obviously chose to proceed with the second option, and cannot now avoid the 'rigorous procedural obstacles' found in § 2244(b)(2)(B).").[4]

---

[4] The Eleventh Circuit in Davis further observed that the petitioner had "failed to adequately explain why he had not exhausted his state remedies concerning the [subsequent habeas] claim prior to filing his first federal habeas petition. [H]e could have brought his [subsequent habeas] claim earlier in the state courts, which would have allowed him to exhaust his claim prior to filing his first federal habeas petition." Davis, 565 F.3d at 821. Certainly that approach, i.e., fully exhausting all of his claims in the state court before proceeding with the
(Continued)

Based on the foregoing, Villar's current habeas petition, filed on February 1, 2011, is clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Villar first obtaining permission from the Eleventh Circuit Court of Appeals. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997).

Villar does not allege, and the record in this case does not reflect that he obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. U.S. v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003). Because Villar has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider his request for relief.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue

---

first § 2254 petition, would have benefited Petitioner in this case as well, as the two options provided by Lundy for a mixed petition both carry significant procedural risks.

only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Villar has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his second habeas petition in this Court.  Thus, this Court is without jurisdiction to consider his successive petition.  Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").  Under the facts of this

10

case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Villar should be allowed to proceed further.  See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Villar's petition should be dismissed. Thus, Villar is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Villar's petition be dismissed as a successive petition, and that the Court conclude that Villar is not entitled to a certificate of appealability.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **31st** day of **August, 2012.**

           /s/ SONJA F. BIVINS
          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

12

> referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.


2.   <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.